IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00139-CV

 

Texas A&M University,

                                                                      Appellant

 v.

 

Ryan Bading, Javier Garza, Aaron Horn, 

Joe
Jackson, Andrew McDow, Michael Rusek, 

Ty Sorell,
Scott-Macon, Ltd., Texas Aggie 

Bonfire
Committee, Trevor Jon Saari, H.B. 

Zachry
Company, Zachry Construction Corporation, 

Harry
Eugene Couch, Jr., H.B. (Bartell) Zachry, Jr.,

Joe
Collins, Kirby Smith and Hector Sandoval,

                                                                      Appellees

And

No. 10-05-00295-CV

 

Texas A&M University, Ray M. Bowen, William 

Kibler,
John Koldus, III, J. Malon Southerland, 

Russell
W. Thompson,Zack Coapland, Magor 

General
M.T. Hopgood, Jr., Kevin Jackson, 

Donald
Johnson, Michael David Krenz, James 

Reynolds,
Robert Harry Stiteler, Jr.,

                                                                      Appellants

 v.

 

John
Andrew Comstock, Dixie Ann Comstock, 

Jacquelynn
Kay Self, Individually and as 

Administratrix
of the Estate of Jerry Self, Deceased, 

Andrea
Heard, Individually, Kathy McClain, 

Individually
and as Administratrix of the Estate 

of Bryan
McClain, Deceased, Phil R. McCain,

Individually,
Dominic Braus, Nancy Braus,

Matthew
Robbins, and Gregory Anthony Powell,

Individually
and as Administrator of the Estate

of Chad A. Powell, Deceased, and Jill Powell,

Individually,

                                                                      Appellees

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 03-001246-CV361

 

 



SEVERANCE ORDER










 

          The underlying cause of action
involves the bonfire tragedy at Texas A & M University in the fall of
1999.  

          On February 8, 2005, the trial court
signed five separate interlocutory orders denying Texas A & M University’s plea to the jurisdiction and motion to dismiss and sever the third party petitions
of five groups of third parties.  The University appealed each of those five
orders.  We docketed each of those five appeals as cause number
10-05-00139-CV.  Over two months later, on April 13, 2005, the trial court
signed two more interlocutory orders denying certain University administration
defendants’ supplemental plea to the jurisdiction and motion to dismiss and
sever, and in the alternative, motion for summary judgment as to the causes of
action of two groups of plaintiffs.  The administration defendants appealed
each order.  We also docketed those two appeals as cause number
10-05-00139-CV.  See Tex. R. App.
P. 12.2(c) (“All notices of appeal filed in the same case must be given
the same docket number.”).

          Because of the size and complexity of
this cause, the Court notified all parties of its consideration of the use of
Rule 2 to suspend the operation of Rule 12.2(c) and file each notice of appeal
under a separate docket number.  See Tex.
R. App. P. 2.  The Court requested briefing and written argument upon
the benefit or detriment of such a procedure.  Of primary interest to the Court
was whether the same issue or issues would be presented and whether the Court’s
decision would be based upon the same record of pleadings and evidence, if any,
with regard to each notice of appeal.  If all parties agreed that one procedure
or the other would be preferable on appeal, great weight would be given to that
procedure.

          The majority of the responses
requested that these notices of appeal should be grouped and docketed in two
separate cause numbers.  We agree.  

          The first five notices of appeal
involve claims by other defendants in the action below and sovereign immunity
will be the primary issue presented on appeal.  Therefore, the first five
notices of appeal which were filed with the Brazos County District Clerk on
February 28, 2005, are ordered to remain docketed in cause number
10-05-00139-CV.  Because the record in this cause has already been filed, the
ordinary briefing schedule will apply.

          The remaining two notices of appeal
involve claims brought by the plaintiffs in the action below against University
officials, not the University itself, and the issues presented will relate to
the capacity of the individual defendants to be sued.  Accordingly, the sixth
and seventh notices of appeal filed with the Brazos County District Clerk on
May 3, 2005, are severed from cause number 10-05-00139-CV and are ordered to be
docketed, together, as cause number 10-05-00295-CV.  The Clerk’s Record and
Reporter’s Record are due August 26, 2005.  The ordinary briefing schedule will
run from the date of the filing of the record in the severed appeal.

 

                                                                   PER
CURIAM

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Appeal
severed

Order
issued and filed July 27, 2005

[CV06]